USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EZRA TESSEMA,

                Plaintiff,

-against-

ENVIRONMENTAL PROTECTION AGENCY,

                Defendant.

1:20-cv-9700-MKV

OPINION AND ORDER
GRANTING MOTION TO DISMISS
AND DENYING MOTION FOR A
PROTECTIVE ORDER

MARY KAY VYSKOCIL, United States District Judge:

    *Pro se* Plaintiff Ezra Tessema brings this case against Defendant Environmental Protection Agency ("EPA"), asserting claims under the Eighth Amendment and the "Federal Tort Act."[1] Plaintiff alleges that the EPA has tortured him and subjected him to human experiments involving exposure to hazardous pollutants. Before the Court is Defendant's motion to dismiss, ECF No. 22, and Plaintiff's motion for a protective order, ECF No. 15. For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Plaintiff's motion for a protective order is DENIED as moot.

## BACKGROUND

    Plaintiff commenced this action against the EPA in the Supreme Court of the State of New York, New York County, in October 2020. Plaintiff filed a Summons with notice of the action, alleging that the EPA was conducting experiments on him as a "non-consent human research subject." ECF No. 1-1 at 2. Plaintiff seeks an injunction to halt further research experiments on him and to compel the EPA to release Plaintiff's personal data regarding exposure to pollutants. *Id.* Plaintiff also seeks $750,000 in damages under the FTCA. *Id.*

---

[1] The Court construes Plaintiff's claim as pleaded under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.

In November 2020, the EPA removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. The Court then granted the EPA's request to extend the time to respond to the Summons. ECF No. 5. Weeks later, Plaintiff filed an opposition to the EPA's extension request with further factual allegations. ECF No. 6. Plaintiff alleges that the EPA has conspired to target certain immigrants for "indentured servitude" and has provided his data to "various subcontractors in the pharma industry for a long-term contract with UNICEF in exchange for their cheaper vaccination supplements in the developing world." ECF No. 6 at 2, 4. Plaintiff later filed a motion for a protective order to stop the alleged disclosure of his personal data. ECF No. 15.

Defendant filed a motion to dismiss and an opposition to Plaintiff's motion for a protective order. ECF Nos. 18–19. In support of its motion to dismiss, Defendant filed a Declaration of Kenneth A. Redden and a Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings. ECF Nos. 20–21. Defendant argues that the case should be dismissed as frivolous because Plaintiff's allegations are wholly irrational and have no basis in law or fact. ECF No. 19 at 6–8. Defendant also argues that Plaintiff's FTCA claim should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies. *Id.* at 8. Finally, Defendant argues that Plaintiff's motion for a protective order should be denied because it is based on the same implausible allegations as the Summons. *Id.* at 10.

Plaintiff filed a one-hundred-page opposition with several exhibits. ECF Nos. 22–23. Plaintiff's opposition includes additional convoluted allegations regarding, *inter alia*, Plaintiff's time in the U.S. Navy and a purported conspiracy among global insurance providers to participate in a scheme of human research experiments. ECF No. 22. Defendant filed a three-page reply, relying on the unrebutted arguments in its opening brief. ECF No. 24.

## LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), a claim must be dismissed for lack of subject-matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *McIntosh v. United States*, No. 15-cv-2442, 2018 WL 1275119 at *4 (S.D.N.Y. Mar. 7, 2018) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)). When a party disputes the jurisdiction of a claim, the Court can decide the issue "'by reference to evidence outside the pleadings, such as affidavits,' in which case 'the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

### B. Rule 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a sufficiently pleaded complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, alterations, and citations omitted); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing *Twombly*, 550 U.S. at 555)).

A complaint filed by a *pro se* plaintiff "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *see also Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010) (noting that courts are "required to afford [a *pro se* plaintiff] leniency, holding his complaint to 'less stringent standards than formal pleadings drafted by lawyers'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). Nevertheless, the complaint must satisfy the *Twombly-Iqbal* plausibility standard. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020). "[T]o survive a Rule 12(b)(6) motion, a *pro se* plaintiff must support his claims with 'specific and detailed factual allegations, not stated in wholly conclusory terms.'" *Wightman–Cervantes v. ACLU*, No. 06 Civ. 4708, 2007 WL 1805483, at *1 (S.D.N.Y. June 25, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir. 2000)). "A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (citing *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)).

## DISCUSSION

### A. Plaintiff's Claim for Damages Under the FTCA Is Dismissed for Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. When bringing a claim under the FTCA, plaintiffs must "exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). In order to exhaust one's administrative remedies, a plaintiff must have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Presentment of a claim must be "accompanied by a claim for money damages in a sum certain for injury." 28 C.F.R. § 14.2.

The exhaustion requirement "is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82 (citing *McNeil v. United States*, 508 U.S, 106, 113 (1993); and *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). The requirement that the claim state a specific dollar sum is also jurisdictional and cannot be waived. *Adams v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 321 (2d Cir. 1986) (citing *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983)). Accordingly, a court has no subject matter jurisdiction over an FTCA claim where the plaintiff has failed to properly exhaust his administrative remedies. *Hardie v. United States*, 501 F. Supp. 3d 152, 158 (E.D.N.Y. 2020) (citing *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983)).

Plaintiff in this action did not exhaust his administrative remedies before filing his Complaint. The Declaration of Kenneth A. Redden submitted by Defendant states that Plaintiff has never presented an administrative claim to the EPA. ECF No. 20 ¶¶ 3–4. Plaintiff responded by submitting two letters in support of his contention that he has exhausted his administrative remedies. ECF No. 22 at 29–30. One letter is the EPA's response to a Freedom of Information Act (FOIA) request. The other letter is addressed to the Occupational Safety and Health Administration, which is not a party to this suit. *Id.* Neither of these letters sufficiently demonstrate that Plaintiff presented a formal administrative claim to the EPA claiming money damages under the FTCA. Indeed, neither letter contains a demand for damages in a sum certain or states the claims that Plaintiff brings in this action. *Cf. Page v. Oath Inc.*, No. 17 Civ. 6990 (LGS), 2018 WL 1406622, at *4 (S.D.N.Y. Mar. 20, 2018) (holding that letter sent to FBI that did not mention allegations in the complaint or demand damages did not satisfy exhaustion requirement for FTCA claims against the Broadcasting Board of Governors). Because Plaintiff has not shown that he properly exhausted his administrative remedies, his FTCA claim must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Pinchasow v. United States*, No. 06-

1139-CV, 2006 WL 3370714 (2d Cir. Nov. 20, 2006) (summary order); *Caronia v. United States*, No. 13-CV-5758 (FB) (LB), 2015 WL 4872558, at *4 (E.D.N.Y. Aug. 13, 2015).

### B. Plaintiff's Remaining Claims Are Dismissed as Frivolous

The Court dismisses Plaintiff's remaining claims as frivolous. The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous. *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam)). An action is frivolous when either "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy" or "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). Even if a complaint contains sufficient factual allegations to infer a claim for relief, a court may dismiss it as frivolous "if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Even with the "special solitude" afforded to *pro se* pleadings, Plaintiff makes no rational claim in law or in fact that entitles him to relief. Generally, Plaintiff alleges that he is being targeted by the EPA for human research experiments due to his status as a refugee. ECF No. 1-1 at 1. Plaintiff alleges that, through these experiments, the EPA has exposed him to environmental pollutants "targeting the various physiological systems of [his] body." ECF No. 6 at 2. Plaintiff alleges that the goal of these experiments is to expand "environmentally vulnerable" populations to serve certain corporations, insurance companies, and the U.S. military. ECF No. 6 at 1-4. This is only a glimpse of the confusing and muddled allegations Plaintiff advances in this action.

The fanciful nature of these claims clearly warrants dismissal. Although Plaintiff's allegations are difficult to parse and interpret, the Court cannot reasonably infer from them any plausible claim for illegal experiments amounting to a constitutional violation or other cause of action. Factual allegations need not be accepted as true at the 12(b)(6) stage where, as here, they are "clearly baseless" and "fanciful." *Denton*, 504 U.S. at 32. Plaintiff's allegations are so far-fetched and irrational that they cannot form the basis of a federal lawsuit. *See, e.g.*, *Mecca v. U.S. Gov't*, 232 F. App'x 66, 66–67 (2d Cir. 2007) (summary order) (affirming dismissal of complaint "replete with fantastic and delusional scenarios"); *Papadopoulos v. Gazes*, No. 14 Civ. 3713 (KPF), 2014 WL 3928940, at *5 (S.D.N.Y. Aug. 12, 2014) (finding that complaint failed to state a claim where the allegations were "fanciful, fantastic, and unmoored from reality").

While district courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, leave to amend is not required where it would be futile. *Xiu Jian Sun v. Zeve*, No. 18-cv-2749 (AJN), 2018 WL 10015499 at *2 (S.D.N.Y. Apr. 5, 2018) (citing *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); and *Salahuddin v. Cuomo*, 861, F.2d 40, 42 (2d Cir. 1988)). Given the "fanciful factual scenarios" alleged by Plaintiff, the Court concludes that leave to amend would be futile. *Adams v. Rubinstein*, Nos. 15-CV-3532 (JB) (LB), 15-CV3647 (JG) (LB), 15-CV-3968 (JG) (LB), 2015 WL 5021740, at *3 (E.D.N.Y. Aug. 24, 2015) (citing *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002)); *see also Middleton v. United States*, No. 10-CV-6057 (JFB) (ETB), 2012 WL 394559, at *6 (E.D.N.Y. Feb. 7, 2012); *Chicherchia v. Fox Studios*, No. 10-CV-0278WMS, 2010 WL 7746199, at *3 (W.D.N.Y. July 26, 2010). Accordingly, the Court dismisses the Complaint with prejudice and without leave to amend.

### C. Plaintiff's Motion for a Protective Order Is Denied as Moot

Because the Court has granted Defendant's motion to dismiss, Plaintiff's motion for a protective order is denied as moot. *See Surprise v. GTE Serv. Corp.*, 202 F.R.D. 79, 83 (D. Conn.

2000) (denying motion for protective order as moot after dismissing federal claim and remanded remaining state law claims); *Murphy v. Simms*, No. CIV. L-98-962, 2000 WL 1011551, at *3 (D. Md. July 14, 2000) (denying motion for protective order regarding discovery requests as moot after granting motion to dismiss).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss and DENIES as moot Plaintiff's motion for a protective order. Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully requested to terminate docket entries 15 and 18, mail a copy of this Opinion and Order to the *pro se* Plaintiff at the address of record, and close the case.

**SO ORDERED.**

**Date:  June 29, 2021**  
       **New York, NY**

       **MARY KAY VYSKOCIL**  
       **United States District Judge**